**IN THE UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| **LEANTHA ROSE CHAVEZ;** | § | |
| **JENNIFER RAE THOMSON, As Next** | § | |
| **Friend of N.C., a minor child, and as** | § | |
| **applicant to be dependent** | § | |
| **administratrix of the ESTATE OF** | § | |
| **NICOLAS CHAVEZ, DECEASED;** | § | |
| **LEIGHA ROSE-MARIE WISE, As** | § | |
| **Next Friend of A.N.W. and A.M.W.,** | § | |
| **minor children; JOAQUIN** | § | |
| **SALVADOR ANTONIO CHAVEZ,** | § | |
| **And JESSICA CHAVEZ,** | § | |
| **Plaintiffs** | § | |
| | § | |
| **v.** | § | **Civil Action NO.: 4:21−cv−00867** |
| | § | |
| **OFFICER LUIS ALVARADO,** | § | |
| **OFFICER BENJAMIN LEBLANC,** | § | |
| **OFFICER KEVIN NGUYEN,** | § | |
| **OFFICER OMAR TAPIA,** | § | |
| **OFFICER PATRICK RUBIO,** | § | |
| **HOUSTON POLICE DEPARTMENT,** | § | |
| **and the CITY OF HOUSTON,** | § | |
| **Defendants** | § | |

**DEFENDANT CITY OF HOUSTON'S RULE 12(B)(6) MOTION TO DISMISS**

TO THE HONORABLE JUDGE OF SAID COURT:

Defendant City of Houston ("Houston") files this Motion to Dismiss Plaintiffs'

Original Complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. In support

of said motion, Defendant would respectfully show the Court as follows:

### TABLE OF CONTENTS

Table of Contents ........................................................................................................... 2

Table of Authorities ....................................................................................................... 4

Nature and Stage of Proceedings ................................................................................. 7

Statement of Issues to Be Ruled on and Standard of Review ..................................... 7

    I.     Statement of Issues ............................................................................................ 7

        1.     Pursuant to Rule 12(b)(6), Plaintiffs' claims against HPD should be dismissed, because it is not a legal entity with the capacity to sue and be sued separate and apart from the City of Houston. ................................................................................................................ 7

        2.     Pursuant to Rule 12(b)(6), Jennifer Rae Thomson's claims asserted on behalf of the Estate of Nicholas Chavez must be dismissed because she did not plead sufficient facts to establish her capacity to assert claims on behalf of the estate. ............................................. 7

        3.     Pursuant to Rule 12(b)(6), Plaintiffs' federal and state law claims against the individual officers in their official capacity must be dismissed as redundant. ........................................ 7

        4.     Pursuant to Rule 12(b)(6), Plaintiffs' cruel and unusual punishment claims must be dismissed because such claims are only available to convicted prisoners. ............................ 7

        5.     Pursuant to Rule 12(b)(6), Plaintiffs' state law claims against Houston must be dismissed because Plaintiffs do not plead a valid waiver of Houston's immunity under the TTCA. ................................................................................................................................ 7

        6.     Pursuant to Rule 12(b)(6, Plaintiff's federal claims against Houston must be dismissed because Plaintiffs plead no actual facts to implicate municipal liability under *Monell*.......... 7

    II.    Standard of Review ........................................................................................... 7

Summary of the Argument ............................................................................................. 8

Argument and Authorities ............................................................................................. 9

    I.     Pursuant to Rule 12(b)(6), Plaintiffs' claims against HPD should be dismissed, because it is not a legal entity with the capacity to sue and be sued separate and apart from the City of Houston. ................................................................................................................ 9

    II.    Pursuant to Rule 12(b)(6), Jennifer Rae Thomson's claims asserted on behalf of the Estate of Nicholas Chavez must be dismissed because she did not plead sufficient facts to establish her capacity to assert claims on behalf of the estate. ...................................... 9

    III.    Pursuant to Rule 12(b)(6), Plaintiffs' claims against the individual officers in their official capacity must be dismissed as redundant .................................................................... 11

    IV.    Pursuant to Rule 12(b)(6), Plaintiffs' cruel and unusual punishment claims must be dismissed because such claims are only available to convicted prisoners. ............................... 11

    V.    Pursuant to Rule 12(b)(6), Plaintiffs' state law claims against Houston must be dismissed because Plaintiffs do not plead a valid waiver of Houston's immunity under the TTCA. ........ 12

    VI.    Pursuant to Rule 12(b)(6), Plaintiff's federal claims against Houston must be dismissed because Plaintiffs plead no actual facts to implicate municipal liability under *Monell*............ 13

A.     Official policymaker with actual or constructive knowledge of constitutional violation. 13

B.     Official policy .......................................................................................... 15

    1.     Actual policy ..................................................................................... 16

    2.     Custom or practice ............................................................................ 18

C.     Policy was moving force of constitutional violation. .................................. 19

Conclusion ............................................................................................................. 20

### TABLE OF AUTHORITIES

**Cases**

*Alvarez v. City of Brownsville*, 904 F.3d 382 (5th Cir. 2018) (en banc)................................. 13, 17

*Apani Southwest, Inc. v. Coca-Cola Enterprises, Inc.*, 300 F.3d 620 (5th Cir. 2001).................... 8

*Ashcroft v. Iqbal*, 556 U.S. 662 (2009) ..................................................................... 7, 8

*Balle v. Nueces Cty. Tex.*, 690 F. App'x 847 (5th Cir. 2017)..................................................... 15

*Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007) ..................................................................... 7, 8

*Blackburn v. City of Marshall*, 42 F.3d 925 (5th Cir. 1995)........................................................ 8

*Brown v. Tarrant County, Tex.*, 985 F.3d 489 (5th Cir. 2021). ........................................ 13, 15, 16

*Burge v. St. Tammany Par.*, 336 F.3d 363 (5th Cir. 2003) ....................................................... 17, 19

*Carlton v. Fearneyhough*, No. 07-10676, 2008 WL 686595 (5th Cir. Mar. 12, 2008) ............... 11

*Carnaby v. City of Houston*, 636 F.3d 183 (5th Cir. 2011) ........................................................ 18

*City of Canton v. Harris*, 489 U.S. 378 (1989)........................................................................... 18

*City of Houston v. Johnson*, 353 S.W.3d 499 (Tex. App.—Houston [14th Dist.] 2011, pet. denied)................................................................................................................. 12

*Conner v. Travis County*, 209 F.3d 794 (5th Cir. 2000)........................................................... 18

*Covington v. City of Madisonville, Tex.*, 812 Fed. Appx. 219 (5th Cir. 2020) (unpublished)...... 19

*Davidson v. City of Stafford*, 848 F.3d 384 (5th Cir. 2017)....................................................... 18

*Eastland v. Eastland,* 273 S.W.3d 815 (Tex. App.—Houston [14th Dist.] 2008, no pet.)........... 10

*Foerster v. Bleess*, 4:20-CV-1782, 2020 WL 6588731 (S.D. Tex. Oct. 16, 2020) ..................... 11

*Franka v. Velasquez*, 332 S.W.3d 367 (Tex. 2011) ................................................................... 11

*Garcia v. City of McAllen, Tex.*, 7:19-CV-00068, 2020 WL 1660095 (S.D. Tex. Apr. 1, 2020). 11

*Goodman v. Harris County,* 571 F.3d 388 (5th Cir. 2009)......................................................... 11

*Groden v. City of Dallas, Tex.*, 826 F.3d 280 (5th Cir. 2016) ................................................... 14

*Haddock v. Tarrant County, Tex.*, 986 F.3d 893 (5th Cir. 2021) ............................................... 13

*Hale v. King*, 642 F.3d 492 (5th Cir. 2011) ............................................................................... 8

*Harris County v. Annab*, 547 S.W.3d 609  (Tex. 2018) ............................................................. 12

*Hicks-Fields v. Harris County*, Tex., 860 F.3d 803 (5th Cir. 2017).......................... 13, 14, 18, 19

*Holland v. City of Houston*, 41 F. Supp. 2d 678 (S.D. Tex. 1999)............................................. 11

*Jason v. Tanner*, 938 F.3d 191 (5th Cir. 2019).......................................................................... 17

*Jefferson State Bank v. Lenk*, 323 S.W.3d 146 (Tex. 2010) ....................................................... 10

*Mason v. Lafayette City-Par. Consol. Gov't*, 806 F.3d 268 (5th Cir. 2015)................................ 19

*Max-George v. Houston Police Dep't*, CV H-17-2264, 2020 WL 6322283 (S.D. Tex. Oct. 28, 2020) ................................................................................................................................ 11

*May v. City of Arlington, Tex.,* 398 F. Supp. 3d 68 (N.D. Tex. 2019), supplemented, 3:16-CV-1674-L, 2019 WL 1429662 (N.D. Tex. Mar. 28, 2019) ................................................ 9, 10, 16

*Meyer v. Coffey*, 231 F. Supp. 3d 137 (N.D. Tex. 2017) ................................................................ 9

*Montoya v. FedEx Ground Package Sys., Inc.,* 614 F.3d 145 (5th Cir. 2010) .............................. 8

*Morin v. Caire*, 77 F.3d 116 (5th Cir. 1996) .............................................................................. 11

*Neukranz v. Conestoga Settlement Services*, LLC, 3:19-CV-1681-L-BH, 2020 WL 5415526, (N.D. Tex. Jan. 22, 2020), report and recommendation adopted as modified, 3:19-CV-1681-L, 2020 WL 2764204 (N.D. Tex. May 28, 2020) ............................................................................ 10

*Peterson v. City of Fort Worth, Tex.*, 588 F.3d 838 (5th Cir. 2009) ............................................ 19

*Pineda v. City of Houston*, 291 F.3d 325 (5th Cir. 2002) ............................................................ 19

*Piotrowski v. City of Houston*, 237 F.3d 567 (5th Cir. 2001) ........................................... 13, 16, 20

*Rhyne v. Henderson Cty.*, 973 F.2d 386 (5th Cir. 1992) ............................................................ 18

*Roberts v. City of Shreveport*, 397 F.3d 287 (5th Cir. 2005) ................................................. 18, 22

*Rodgers v. Lancaster Police & Fire Dep't*, 819 F.3d 205 (5th Cir. 2016) .................................. 10

*Rollerson v. City of Freeport, Tex.*, CIV.A. H-12-1790, 2013 WL 2189892 (S.D. Tex. May 16, 2013), aff'd, 555 Fed. Appx. 404 (5th Cir. 2014) ............................................................. 9, 11

*Sanchez v. Young County, Tex.*, 956 F.3d 785 (5th Cir. 2020) ................................................... 18

*Shaw v. Villanueva*, 918 F.3d 414 (5th Cir. 2019) ...................................................................... 8

*Spiller v. City of Tex. City Police Dep't*, 130 F.3d 162 (5th Cir. 1997) ...................................... 15

*Taylor v. Books A Million, Inc.*, 296 F.3d 376 (5th Cir. 2002) ..................................................... 8

*Taylor v. Hartley,* 488 F. Supp. 3d 517 (S.D. Tex. 2020) .......................................................... 16

*Texas Dep't of Parks and Wildlife v. Miranda,* 133 S.W.3d 217 (Tex. 2004) ............................ 12

*Tooke v. City of Mexia*, 197 S.W.3d 325 (Tex. 2006) ................................................................. 12

*U.S. ex rel. Willard v. Humana Health Plan of Tex., Inc.,* 336 F.3d 375 (5th Cir. 2003) ............. 8

*Webb v. Town of Saint Joseph*, 925 F.3d 209 (5th Cir. 2019) ............................................... 13, 14

*Webster v. City of Houston*, 735 F.2d 838 (5th Cir. 1984), on reh'g, 739 F.2d 993 (5th Cir. 1984) (en banc) (per curiam) ..................................................................................................... 14

*Zarnow v. City of Wichita Falls*, 614 F.3d 161 (5th Cir. 2010) ................................................... 16

**Statutes**

42 U.S.C. § 1983 ............................................................................................................ 7, 13, 15

Fed. R. Civ. P. 12(b)(6) .......................................................................................................... passim

Fed. R. Civ. P. 8(a)(2) ..................................................................................................................... 7

Tex. Civ. Prac. & Rem. § 101.106 ............................................................................................... 11

Tex. Civ. Prac. & Rem. Code § 101.021 ...................................................................... 12

Tex. Estates Code § 351.152.......................................................................................... 10

Tex. Gov't Code § 311.034............................................................................................. 12

**Rules**

Fed. R. Civ. P. 12(b)(6).......................................................................................... passim

Fed. R. Civ. P. 8 .............................................................................................................. 7

### NATURE AND STAGE OF PROCEEDINGS

1.      This is a federal civil rights case stemming from the April 21, 2020 death of Nicholas Chavez.  On March 16, 2021, Plaintiffs filed their Original Complaint.  Plaintiffs asserted claims pursuant to 42 U.S.C. § 1983, Texas common-law, and the Texas Tort Claims Act. This is the first responsive motion by Defendant City of Houston.

### STATEMENT OF ISSUES TO BE RULED ON AND STANDARD OF REVIEW

#### I.     Statement of Issues

1. Pursuant to Rule 12(b)(6), Plaintiffs' claims against HPD should be dismissed, because it is not a legal entity with the capacity to sue and be sued separate and apart from the City of Houston.

2. Pursuant to Rule 12(b)(6), Jennifer Rae Thomson's claims asserted on behalf of the Estate of Nicholas Chavez must be dismissed because she did not plead sufficient facts to establish her capacity to assert claims on behalf of the estate.

3. Pursuant to Rule 12(b)(6), Plaintiffs' federal and state law claims against the individual officers in their official capacity must be dismissed as redundant.

4. Pursuant to Rule 12(b)(6), Plaintiffs' cruel and unusual punishment claims must be dismissed because such claims are only available to convicted prisoners.

5. Pursuant to Rule 12(b)(6), Plaintiffs' state law claims against Houston must be dismissed because Plaintiffs do not plead a valid waiver of Houston's immunity under the TTCA.

6. Pursuant to Rule 12(b)(6, Plaintiff's federal claims against Houston must be dismissed because Plaintiffs plead no actual facts to implicate municipal liability under *Monell*.

#### II.     Standard of Review

2.      If a complaint fails to state a claim upon which relief can be granted, a trial court may dismiss the complaint as a matter of law. *See* Fed. R. Civ. P. 12(b)(6). Rule 12(b)(6) must be read in conjunction with Rule 8(a), which requires "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); *and see Ashcroft v. Iqbal*, 556 U.S. 662, 677 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a

claim to relief that is plausible on its face. *Ashcroft*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). A claim is plausible on its face only "when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Montoya v. FedEx Ground Package Sys., Inc.,* 614 F.3d 145, 148 (5th Cir. 2010) (quoting *Ashcroft*, 556 U.S. at 678).

3.      "When considering a motion to dismiss, the court accepts as true the well-pled factual allegations in the complaint and construes them in light most favorable to the plaintiff." *Taylor v. Books A Million, Inc.*, 296 F.3d 376, 378 (5th Cir. 2002); *see also U.S. ex rel. Willard v. Humana Health Plan of Tex., Inc.,* 336 F.3d 375, 379 (5th Cir. 2003) (citation omitted). However, courts are not bound to accept as true "threadbare recitals of the elements of a cause of action, supported by mere conclusory statement," or legal conclusions couched as factual assertions. *Ashcroft*, 556 US at 678; *see also Hale v. King*, 642 F.3d 492, 499 (5th Cir. 2011) ("Plaintiffs must allege facts that support the elements of the cause of action in order to make out a valid claim"). Thus, dismissal is proper if the complaint lacks an allegation regarding a required element necessary to obtain relief. *Apani Southwest, Inc. v. Coca-Cola Enterprises, Inc.*, 300 F.3d 620, 624 (5th Cir. 2001) (quoting *Blackburn v. City of Marshall*, 42 F.3d 925, 931 (5th Cir. 1995)); *see also Hale*, 642 F.3d at 499. The Supreme Court is no-nonsense about pleading specificity requirements. *Shaw v. Villanueva*, 918 F.3d 414, 415 (5th Cir. 2019).

## SUMMARY OF THE ARGUMENT

4.      All of Plaintiffs' claims must be dismissed. First, Plaintiffs assert claims against the Houston Police Department ("HPD"), which is not a separate legal entity that can be sued separate and apart from the City of Houston. Second, Plaintiffs assert federal and state law claims against five police officers—in their official capacity only—which means Plaintiffs' claims against these officers are really against Houston. Plaintiffs' claims against these individual officers

must be dismissed as redundant.  Third, Plaintiff Jennifer Rae Thomson's claims asserted on behalf of the estate must be dismissed for lack of capacity.  Fourth, Plaintiffs' state law claims against Houston must be dismissed because Plaintiffs do not plead a valid waiver of Houston's immunity pursuant to the Texas Tort Claims Act ("TTCA").   Finally, against Houston, Plaintiffs assert claims for Excessive Force, Depravation [sic] of Life and Liberty Without Due Process, Cruel and Unusual Punishment, Interference with the Parent-Child Relationship, and failure to train.  Yet Plaintiffs did not plead sufficient facts to infer municipal liability pursuant to *Monell* and its progeny.  *See Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 691, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978)

## ARGUMENT AND AUTHORITIES

**I.    Pursuant to Rule 12(b)(6), Plaintiffs' claims against HPD should be dismissed, because it is not a legal entity with the capacity to sue and be sued separate and apart from the City of Houston.**

5.    As this Court has previously recognized, municipal police departments typically do not have a separate legal existence with the capacity to sue and be sued, separate and apart from the municipality itself.  *Rollerson v. City of Freeport, Tex.*, CIV.A. H-12-1790, 2013 WL 2189892, at *11 (S.D. Tex. May 16, 2013), aff'd, 555 Fed. Appx. 404 (5th Cir. 2014); *see also Meyer v. Coffey*, 231 F. Supp. 3d 137, 145 n.2 (N.D. Tex. 2017).  As Plaintiffs have pled no facts to suggest that HPD has separate legal existence from City of Houston, Plaintiffs' claims against HPD must be dismissed.

**II.    Pursuant to Rule 12(b)(6), Jennifer Rae Thomson's claims asserted on behalf of the Estate of Nicholas Chavez must be dismissed because she did not plead sufficient facts to establish her capacity to assert claims on behalf of the estate.**

6.    In Texas there are two ways for an estate to assert survival claims:  either through a court-designated personal representative, or by the heirs at law if they allege and prove that there is no administration pending and none is necessary.  *See Rodgers v. Lancaster Police &*

*Fire Dep't*, 819 F.3d 205, 212 (5th Cir. 2016).  Jennifer Rae Thomson pleads that she has ***applied*** to be the ***dependent administratrix*** of the estate [Doc. #1 at ¶4].  This fact is significant for three reasons.  First, it means that an administration is pending, so that heirs at law cannot assert claims on behalf of the estate.  Second, as Jennifer Thomson has not yet been appointed dependent administratrix, she lacks capacity to assert claims on behalf of the estate.  *Neukranz v. Conestoga Settlement Services*, LLC, 3:19-CV-1681-L-BH, 2020 WL 5415526, at *7 (N.D. Tex. Jan. 22, 2020), report and recommendation adopted as modified, 3:19-CV-1681-L, 2020 WL 2764204 (N.D. Tex. May 28, 2020) (citing *Jefferson State Bank v. Lenk*, 323 S.W.3d 146, 150 (Tex. 2010)) ("The executor's authority and duty to act on behalf of an estate is vested upon his appointment by the probate court.").  Third, because Jennifer Thomson is seeking ***dependent*** administration, she may need court approval to retain counsel to prosecute any claims on behalf of the estate; until she has been appointed, she cannot have obtained such authority.  Tex. Estates Code § 351.152 (requiring court approval for contingency-fee contracts for greater than one-third of recovered property); *see also Eastland v. Eastland,* 273 S.W.3d 815, 821 (Tex. App.—Houston [14th Dist.] 2008, no pet.) ("The primary distinction between an independent administration and a dependent administration is the level of judicial supervision over exercise of the executor's power. Executors in a dependent administration and other personal representatives can perform only a limited number of transactions without seeking a court's permission, such as paying taxes, voting stocks, insuring property, and releasing liens upon full payment.")  Accordingly, Jennifer Rae Thomson has not pleaded sufficient facts to demonstrate she has capacity to assert claims on behalf of the estate.

### III.   Pursuant to Rule 12(b)(6), Plaintiffs' claims against the individual officers in their official capacity must be dismissed as redundant.

7.     It is well-settled that claims asserted against government officials in their official capacity are really against the governmental entity.  *Max-George v. Houston Police Dep't*, CV H-17-2264, 2020 WL 6322283, at *4 (S.D. Tex. Oct. 28, 2020); *Holland v. City of Houston*, 41 F. Supp. 2d 678, 689 (S.D. Tex. 1999); *Franka v. Velasquez*, 332 S.W.3d 367, 382 (Tex. 2011); ("Under Texas law, a suit against a government employee in his official capacity is a suit against his government employer").  Accordingly, because Plaintiffs have also asserted claims against Houston, Plaintiffs' claims against the officers in their official capacities should be dismissed as redundant.  *Foerster v. Bleess*, 4:20-CV-1782, 2020 WL 6588731, at *5 (S.D. Tex. Oct. 16, 2020) (citing *Goodman v. Harris County,* 571 F.3d 388, 395 (5th Cir. 2009)); *Rollerson*, 2013 WL 2189892, at *11.[1]

### IV.   Pursuant to Rule 12(b)(6), Plaintiffs' cruel and unusual punishment claims must be dismissed because such claims are only available to convicted prisoners.

8.     Eighth Amendment claims for cruel and unusual punishment are only available to convicted prisoners.  *Garcia v. City of McAllen, Tex*., 7:19-CV-00068, 2020 WL 1660095, at *5 (S.D. Tex. Apr. 1, 2020) (*citing Morin v. Caire*, 77 F.3d 116, 120 (5th Cir. 1996); *Carlton v. Fearneyhough*, No. 07-10676, 2008 WL 686595, at *2 (5th Cir. Mar. 12, 2008)).  As Plaintiffs plead no facts to suggest either Nicholas Chavez Jr. was or any of the Plaintiffs currently are convicted prisoners, Plaintiffs' cruel and unusual punishment claims must be dismissed.

---

[1] Even if Plaintiffs had asserted their state-law claims against these individual officers in their individual capacities, because Plaintiffs have asserted tort claims against both the City of Houston and its employees, the claims against the employees must be dismissed.  Tex. Civ. Prac. & Rem. § 101.106(e).  The TTCA's election of remedies scheme similarly prohibits Plaintiffs from re-filing their tort claims against the individual officers in their individual capacity. Tex. Civ. Prac. & Rem. § 101.106(a).

**V.     Pursuant to Rule 12(b)(6), Plaintiffs' state law claims against Houston must be dismissed because Plaintiffs do not plead a valid waiver of Houston's immunity under the TTCA.**

9.     Houston enjoys governmental immunity from suit and liability in the performance of its governmental functions unless that immunity has been waived by the Legislature in clear and unambiguous language.  *See, e.g., Tooke v. City of Mexia*, 197 S.W.3d 325, 343–44 (Tex. 2006); Tex. Gov't Code § 311.034.  Governmental immunity deprives a trial court of subject-matter jurisdiction for suits against governmental units unless the government consents to suit.  *Texas Dep't of Parks and Wildlife v. Miranda,* 133 S.W.3d 217, 224 (Tex. 2004).

10.     The TTCA waives Houston's immunity for "personal injury and death so caused by a condition or use of tangible personal or real property if the governmental unit would, were it a private person, be liable to the claimant according to Texas law."  Tex. Civ. Prac. & Rem. Code § 101.021(2).  Plaintiffs plead that this provision waives Houston's immunity, premised upon HPD officers' use of "bean bag projectile guns; bean bag projectiles; Taser guns; firearms; and bullets" [Doc. #1 ¶218].  The Texas Supreme Court has rejected similar arguments, holding that a governmental entity does not "use" tangible personal equipment merely by authorizing employees to carry such firearms.  *Harris County v. Annab*, 547 S.W.3d 609, 613 (Tex. 2018).  Nor does the TTCA waive Houston's immunity for intentional torts or gross negligence [*See e.g.,* Doc. #1 at ¶¶55, 58]. Tex. Civ. Prac. & Rem. Code §101.057(2) ("This chapter does not apply to a claim … arising out of assault, battery, false imprisonment, or any other intentional tort, including a tort involving disciplinary action by school authorities."); *City of Houston v. Johnson*, 353 S.W.3d 499 (Tex. App.—Houston [14th Dist.] 2011, pet. denied) (holding City did not waive immunity for suit seeking exemplary damages for gross negligence).  Accordingly, Plaintiffs plead no valid waiver of Houston's immunity under the TTCA.  All of Plaintiffs' state law tort claims must be dismissed.

**VI.      Pursuant to Rule 12(b)(6), Plaintiff's federal claims against Houston must be dismissed because Plaintiffs plead no actual facts to implicate municipal liability under *Monell*.**

11.      Houston, as a municipal entity, cannot be held liable under § 1983 on a respondeat superior theory.  *Haddock v. Tarrant County, Tex.*, 986 F.3d 893 (5th Cir. 2021) (*citing Monell*, 436 U.S. at 691). In other words, "the unconstitutional conduct must be directly attributable to the municipality through some sort of official action or imprimatur; isolated unconstitutional actions by municipal employees will almost never trigger liability."  *Webb v. Town of Saint Joseph*, 925 F.3d 209, 214 (5th Cir. 2019) (*citing Piotrowski v. City of Houston*, 237 F.3d 567, 578 (5th Cir. 2001)). Rather, for municipal liability to attach, a plaintiff must prove "three elements: a policymaker; an official policy; and a violation of constitutional rights whose moving force is the policy or custom. *Id.* The causal link "moving force" requirement and the degree of culpability "deliberate indifference" requirement must not be diluted, for "where a court fails to adhere to rigorous requirements of culpability and causation, municipal liability collapses into respondeat superior liability.  *Alvarez v. City of Brownsville*, 904 F.3d 382, 390 (5th Cir. 2018) (en banc).

**A. Official policymaker with actual or constructive knowledge of constitutional violation.**

12.      To state a claim for municipal liability, Plaintiffs must plead facts to infer that an official policymaker with actual or constructive knowledge of the constitutional violation acted on behalf of the municipality.  *Brown v. Tarrant County, Tex.*, 985 F.3d 489, 497 (5th Cir. 2021).

13.      Actual knowledge of a policy may be shown by such means as discussions at council meetings or receipt of written information.  *Hicks-Fields v. Harris County*, Tex., 860 F.3d 803, 808 (5th Cir. 2017). Constructive knowledge may be attributed to the governing body on the ground that it would have known of the violations if it had properly exercised its responsibilities,

as, for example, where the violations were so persistent and widespread that they were the subject of prolonged public discussion or of a high degree of publicity. *Id*. at 808-09.

14.     A "policymaker" must be one who takes the place of the governing body in a designated area of city administration.  *Webster v. City of Houston*, 735 F.2d 838, 841 (5th Cir. 1984), on reh'g, 739 F.2d 993 (5th Cir. 1984) (en banc) (per curiam). City policymakers not only govern conduct; they decide the goals for a particular city function and devise the means of achieving those goals. *Id.* Policymakers act in the place of the governing body in the area of their responsibility; they are not supervised except as to the totality of their performance. *Id.* The governing body must expressly or impliedly acknowledge that the agent or board acts in lieu of the governing body to set goals and to structure and design the area of the delegated responsibility, subject only to the power of the governing body to control finances and to discharge or curtail the authority of the agent or board. *Id.* Deciding who is the final policymaker is an issue of state law. *Webb*, 925 F.3d at 215. Not all delegations of authority are delegations of policymaking authority—"[w]e have long recognized that the 'discretion to exercise a particular function does not necessarily entail final policymaking authority over that function. *Id.*  Although at the motion to dismiss stage, Plaintiffs need not identify that particular policymaker by name, Plaintiffs must plead facts that show that the defendant or defendants acted pursuant to a specific official policy, which was promulgated or ratified by the legally authorized policymaker.  *Groden v. City of Dallas, Tex.*, 826 F.3d 280, 282 (5th Cir. 2016) (emphasis in original). By way of example, the Fifth Circuit recognized in *Groden* that in Dallas, City Council is the final policymaker. *Id.* at 286. Hence, to survive a motion to dismiss a municipal liability claim against Dallas, the plaintiff must plead facts to infer that the Dallas City Council promulgated or ratified an unconstitutional policy. *Id.*

15.     Plaintiffs' Complaint is devoid of any reference to a single policymaker. Nor do Plaintiffs allege facts to infer that the policymaker had actual or constructive knowledge of a constitutional violation.   Accordingly, Plaintiffs have not stated a plausible claim for municipal liability under *Monell*.

### B.  Official policy

16.     To state a claim for municipal liability, Plaintiffs must also identify an "official policy," which may take two forms—either a policy statement formally announced by an official policymaker or a persistent widespread practice of city officials or employees, which, although not authorized by officially adopted and promulgated policy, is so common and well settled as to constitute a custom that fairly represents municipal policy. *Brown*, 985 F.3d at 497. To defeat "a motion to dismiss, a complaint's 'description of a policy or custom and its relationship to the underlying constitutional violation ... cannot be conclusory; it must contain specific facts.'"  *Balle v. Nueces Cty. Tex.*, 690 F. App'x 847, 852 (5th Cir. 2017) (*quoting Spiller v. City of Tex. City Police Dep't*, 130 F.3d 162, 167 (5th Cir. 1997)). In other words, the pleadings are adequate with respect to a section 1983 claim against a city when they set forth "specific factual allegations that allow a court to reasonably infer that a policy or practice exists and that the alleged policy or practice was the moving force" for the constitutional violation asserted. *Id*.

17.     At the outset, it must be noted that Plaintiffs fail to adequately plead an official policy because Plaintiffs do not coherently articulate whether they are challenging actual policies as opposed to widespread customs or practices [*Compare e.g.,* Doc. #1 at ¶¶20-24, 33 *with* ¶¶32, 39, 204 ("Although [Houston] may not have had a written policy authorizing excessive use of force, deprivation of life or liberty without due process, cruel and unusual punishment, or interference with the parent-child relationship, it is apparent that all of the foregoing were standard operating procedures…"]. This Court recently rejected such conclusory allegations:

15

> Beyond this, Taylor fails to meet his pleading burden on the first element. It isn't even clear whether the complained-of policy is written down or an unwritten custom. Instead, he only alleges that Harris County "permits its officers to perform illegal and improper conduct," and that this "failure to act shows a policy, procedure, custom, practice, or protocol of permitting officers (particularly Hartley) to use unjustifiable and unreasonable force without consequence." *Id.* at ¶¶ 106–07. As with both Counts 2 and 5, this is wholly conclusory. Taylor doesn't plead specific facts about the alleged policy. He simply states that such a policy exists based only on Hartley's conduct. This is insufficient. *Pena*, 879 F.3d at 621; *Scott*, 276 F.3d at 741.

*Taylor v. Hartley,* 488 F. Supp. 3d 517, 541–42 (S.D. Tex. 2020); *see also May v. City of Arlington, Tex.,* 398 F. Supp. 3d 68, 79–80 (N.D. Tex. 2019), supplemented, 3:16-CV-1674-L, 2019 WL 1429662 (N.D. Tex. Mar. 28, 2019) (granting 12(b)(6) in part because of conclusory allegations that "the City failed to train and supervise its police officers, overlooked and covered up officer misconduct, failed to discipline officers for their misconduct, and turned a 'blind eye' to constitutional violations of its police officers" and that "the City had a policy or custom of authorizing and tacitly encouraging the use of excessive force by its police officers because the Internal Affairs Division of the Arlington Police Department ("APD"), past and present chiefs of police of the APD, and former and present mayors and city councils of the City have taken certain unspecified formal and informal actions that have overlooked misconduct of its police officers against citizens").

### 1. Actual policy

18.     An official policy may take the form of "a policy statement, ordinance, regulation, or decision officially adopted and promulgated by that body's officers." *Brown* 985 F.3d at 497 (*citing Zarnow v. City of Wichita Falls*, 614 F.3d 161, 166 (5th Cir. 2010)). To survive rule 12(b)(6), Plaintiffs must specifically identify which policy allegedly caused the constitutional violation and identify whether the policy is facially constitutional or unconstitutional. *Piotrowski*,

237 F.3d at 579–80. Where an official policy or practice is ***facially unconstitutional***, it necessarily follows that a policymaker was not only aware of the specific policy but was also aware that a constitutional violation would most likely occur. *Burge v. St. Tammany Par.*, 336 F.3d 363, 370 (5th Cir. 2003) (emphasis added) (*citing Piotrowski*, 237 F.3d at 579)). However, if the policy is ***facially constitutional***, then Plaintiff must plead that the policy was promulgated with "deliberate indifference to the known or obvious consequences that constitutional violations must result." *Id.* Deliberate indifference is a stringent standard. *Jason v. Tanner*, 938 F.3d 191, 197 (5th Cir. 2019). Deliberate indifference is a degree of culpability beyond mere negligence or even gross negligence; it must amount to an intentional choice, not merely an unintentionally negligent oversight. *Alvarez*, 904 F.3d at 391. Establishing deliberate indifference generally requires a pattern of similar violations arising from a policy so clearly inadequate as to be obviously likely to result in a constitutional violation. *Burge*, 336 F.3d at 370.

19.     Plaintiffs allege in conclusory fashion that Houston had an official policy "that authorized its officers to shoot and kill citizens during botched episodes with tasers, when inoperable tasers ended up in the hands of citizens…despite the absence of any reasonable threat to the safety, health or welfare of those officers" [Doc. #1 at ¶1].  Plaintiffs, however, do not allege whether this policy is facially unconstitutional, nor do they allege facts to suggest this policy was enacted with conscious indifference to obvious constitutional violations that would result.

20.     Plaintiffs also allege that, upon information and belief, HPD had "a written policy that instructed officers to shoot and kill Decedent Nicholas Chavez, despite his lack of posing any reasonable risk of harm to any officers" [Doc. #1 at ¶208].  But Plaintiffs allege no actual facts to infer that such a policy—specifically instructing officers to shoot and kill a single Houston citizen—ever actually existed.

21.     With respect to Plaintiffs' failure to train theory [Doc. #1 at ¶212-13], Plaintiffs must plead facts to demonstrate how the training was deficient, but also the training program was adopted "deliberate indifference" to the rights of the plaintiff, and such indifference is a "closely related" cause of the plaintiff's injuries. *Roberts v. City of Shreveport*, 397 F.3d 287, 293 (5th Cir. 2005); *City of Canton v. Harris*, 489 U.S. 378, 388, 391 (1989). The failure or inaction "must amount to an intentional choice, not merely an unintentionally negligent oversight." *Conner v. Travis County*, 209 F.3d 794, 796 (5th Cir. 2000) (*citing Rhyne v. Henderson Cty*., 973 F.2d 386, 392 (5th Cir. 1992)). Plaintiffs do not specifically allege how HPD's training programs are deficient in a manner causally connected the alleged constitutional violations, nor do Plaintiffs allege any facts to suggest deliberant indifference of a policy maker in promulgating the training program. [Doc. #1 at ¶212-13].

### 2.   Custom or practice

22.     In the absence of an actual policy, to survive a 12(b)(6) motion, Plaintiffs must plead facts to infer that there existed "[a] persistent, widespread practice of city officials or employees, which, although not authorized by officially adopted and promulgated policy, is so common and well settled as to constitute a custom that fairly represents municipal policy." *Hicks-Fields*, 860 F.3d at 808–09. Showing a pervasive pattern is a heavy burden. *Sanchez v. Young County, Tex.*, 956 F.3d 785, 793 (5th Cir. 2020).

23.     The Fifth Circuit has previously emphasized that to be pervasive enough to subject the municipality to liability, there must be a significant number of other instances, placed in context of the size of the police department and criminal incidents investigated. *See e.g.*, *Davidson v. City of Stafford*, 848 F.3d 384, 396–97 (5th Cir. 2017) (finding three arrests over three and a half years did not establish a pattern of constitutional violations); *Carnaby v. City of Houston*, 636 F.3d 183, 189–90 (5th Cir. 2011) (holding two reports of violations of a policy in four years in Houston did

not amount to pattern); *Peterson v. City of Fort Worth, Tex.*, 588 F.3d 838, 851–52 (5th Cir. 2009) (holding 27 complaints of excessive force over a period of three years in department with more than 1,500 officers did not constitute a pattern); *Pineda v. City of Houston*, 291 F.3d 325, 329 (5th Cir. 2002) (holding eleven incidents cannot support a pattern of illegality in one of the Nation's largest cities and police forces).  Plaintiffs must also allege with specificity that the other instances are fairly similar to what ultimately transpired. *Hicks-Fields*, 860 F.3d at 810.

24.     Despite alleging that HPD has been "universally recognized" for excessive use of force, and that prior to this incident, there had been a "string of deadly confrontations", Plaintiffs' Original Complaint identifies no other instances where a similar situation had occurred [Doc. #1 at ¶2].  Having met neither the numerosity nor similarity requirements, Plaintiffs have not met the heavy burden to plead a practice that is so widespread that it carries the imprimatur of official policy.  Accordingly, Plaintiffs fail to adequately plead a custom or practice that is so widespread that it is tantamount to official policy.

### C.  Policy was moving force of constitutional violation.

25.     The "moving force" inquiry requires a plaintiff to make two showings: causation and culpability. *Mason v. Lafayette City-Par. Consol. Gov't*, 806 F.3d 268, 280 (5th Cir. 2015). Under the culpability requirement, if the policy is facially lawful, a plaintiff must also show that the municipality "promulgated [the policy] with deliberate indifference to the 'known or obvious consequences' that constitutional violations would result." *Mason*, 806 F.3d at 280. Even a showing of heightened negligence is insufficient to show the deliberate indifference needed to prove municipal liability. *Id.* Establishing deliberate indifference generally requires a pattern of similar violations arising from a policy so clearly inadequate as to be obviously likely to result in a constitutional violation. *Covington v. City of Madisonville, Tex.*, 812 Fed. Appx. 219, 225 (5th Cir. 2020) (unpublished) (*citing Burge*, 336 F.3d at 370. Under the causation requirement, a

plaintiff must show a "direct causal connection ... between the policy and the alleged constitutional deprivation." *Mason*, 806 F.3d at 280. The "moving force" inquiry imposes a causation standard higher than "but-for" causation. *Id.* Each policy must be the moving force. *Piotrowski*, 237 F.3d at 581.

26.      Plaintiffs plead no facts to suggest that any of the allegedly problematic policies or practices mentioned in the complaint were the moving force behind ***any*** constitutional violation. For example, Plaintiffs expressly acknowledge that HPD determined that the officers involved violated HPD's written policies but then conclusively assert that nothing could be "further from the truth" and instead, HPD has "lawless policies and practices that encourage unconstitutional punishment instead of the de-escalation of disturbances" [Doc. #1 at ¶2].  Yet Plaintiffs plead no actual facts to suggest a direct causal connection between HPD policies and the incident at issue.

## CONCLUSION

For the reasons stated above, Plaintiffs have failed to state a claim upon which relief can be granted against Houston, the only true defendant in the suit. Therefore, respectfully requests that this Court grant its motion, and dismiss all of Plaintiffs claims with prejudice.

Respectfully submitted,
**ARTURO G. MICHEL**
**City Attorney**

KELLY DEMPSEY
Chief, Torts/Civil Rights

Date:  April 8, 2021                    By:    */s/ Christy L. Martin*
                                         Christy L. Martin
                                         Sr. Assistant City Attorney
                                         ATTORNEY IN CHARGE
                                         SBN:  24041336
                                         FBN:  754168
                                         832.393.6438
                                         christy.martin@houstontx.gov
                                         CITY OF HOUSTON LEGAL DEPARTMENT

900 Bagby, 4th Floor
Houston, Texas 77002
832.393.6259 Facsimile

***Attorneys for Defendant,***
***City of Houston, Texas***

## CERTIFICATE OF SERVICE

I hereby certify that pursuant to the Federal Rules of Civil Procedure, a true and correct copy of the foregoing was filed via CM/ECF and served via electronic filing manager to the following:

Sean A. Roberts
Clive Markland
Johnny P. Papantonakis
Rob O. Cantu
Noah M. Horwitz
ROBERTS MARKLAND LLP
2555 N. MacGregor Way
Houston, Texas 77004
Telephone (713) 630-0900
Facsimile (713) 630-0991
Email: sr@robertsmarkland.com
Email: cm@robertsmarkland.com
Email: jp@robertsmarkland.com
Email: rc@robertsmarkland.com
Email: nh@robertsmarkland.com
Email:eservice@robertsmarkland.com

ATTORNEYS FOR PLAINTIFFS

-and-

Wilvin J. Carter
THE LAW OFFICES OF WILVIN J.
CARTER, P.C.
7322 Southwest Freeway, Suite 780
Houston, Texas 77074
Telephone: (713) 454-9890
Facsimile: (855) 380-3795
Email: carterlawpc@gmail.com
ATTORNEY FOR PLAINTIFF
JESSICA CHAVEZ

*/s/Christy L. Martin*
CHRISTY L. MARTIN